FILED

MAR 1 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

In re

VANG CHANTHAVONG,

        Debtor.

Case No. 09-91120-D-7
Docket Control No. PRB-1

### FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR ORDER DENYING MOTION TO REOPEN CHAPTER 7 CASE

The court issues the following Findings of Fact and Conclusions of law in support of the order denying the Debtors' Motion to Reopen the Chapter 7 case.

### Findings of Fact

1. The Debtors did not file a declaration or submit any evidence in support of the Motion to Reopen the Chapter 7 case or the allegations made in the *Ex Parte* Motion.

2. From reviewing the file in this case the court finds that:

   a. The Debtors commenced a voluntary Chapter 7 case on April 21, 2009.

   b. Schedule A of the Debtors lists 1900 H Street, Sacramento, California as real property owned by Vang Tee Chanthavong, which the Debtors identify as having a value of $450,000.00.

   c. Schedule D filed by the Debtors lists Aurora Loan as having a claim in the amount of $646,355.00 that is secured by the 1900 H Street property.

|   |   |   |
|---|---|---|
| 1 | d. | On June 3, 2009, Aurora Loan Services, LLC filed a Motion for Relief from the Automatic Stay to allow it to enforce its lien against the 1900 H Street property. |
| 3 | e. | On July 30, 2009, the court entered a Civil Minute Order granted the Motion and terminated the automatic stay. |
| 5 | f. | On August 30, 2009, the Order Discharging the Debtors was entered by the court. |
| 6 | g. | On August 14, 2009, the court entered the Final Decree in this case and ordered the case closed. |

2. On January 21, 2010, the Debtors filed the present Motion to Reopen the Case.

3. The Motion asserts that it is necessary and appropriate to determine the dischargeabilty of the Agora Loan debt, whether "defendants" (no lawsuit or adversary action is referenced in the Motion) are violating the automatic stay and discharge order by conducting a foreclosure sale without authority, and to accord such other and further relief.

4. The Motion makes the unsupported allegations that:

   a. Vang Chanthavong and Lehman Brothers entered into a loan agreement, for which there was a note secured by the 1900 H Street property.

   b. Aurora Loan Servicing became the servicer for that note.

   c. Vang Chanthavong went into default on his obligations under the note.

   d. Plaintiff (unidentified, but presumed for this ruling to mean the Vang Chanthavong) intended to remodel and live the 1900 H Street property.

   e. A notice of default was issued under the trust deed for the defaults under the note.

   f. Vang Chanthavong communicated with Aurora about a loan modification or short sale.

   g. Vang Chanthavong filed the Chapter 7 bankruptcy April 21, 2009.

h.  On April 23, 2009, a Notice of Trustee's Sale was recorded in violation of the automatic stay.

i.  On September 11, 2009, (after the court issued its order terminating the automatic stay) a Notice of Sale was recorded.

j.  Vang Chanthavong alleges that the Notice of Sale was not posted on the property as required by the California Civil Code.

k.  Various alleged conversations made by various unidentified persons on behalf of Vang Chanthavong relating to proposed payments and the foreclosure sale.

l.  On or about October 30, 2009, the "defendants" conducted a non-judicial foreclosure sale of the 1900 H Street Property.

m.  Vang Chanthavong has been served with a 60-day notice to quit and an unlawful detainer complaint.

n.  Vang Chanthavong asserts that the security interest in the 1900 H Street Property was discharged in bankruptcy and Lehman Brothers never had possession of the Note.

### Conclusions of Law

1.  The Debtors have provided no authorities for the contention that a proper basis exists for the reopening of the Chapter 7 case.

2.  The reopening of a Chapter 7 case is governed by 11 U.S.C. §350, which provides,

    §350.   Closing and reopening cases

    (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

    (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

3.  Granting a petition to reopen a bankruptcy case lies within the sound discretion of the bankruptcy court. *In re Cisneros*,

3

|    |     |                                                                                  |
|----|-----|----------------------------------------------------------------------------------|
| 1  |     | 994 F.2d 1462 (9th Cir. 1993).                                                   |
| 2  | 4.  | The Debtors do not assert any grounds for reopening the case which are supported by evidence presented to the court. |
| 4  | 5.  | If the court accepts the facts plead in the *Ex Parte* Motion as true and accurate, the Debtors do not assert that there are any assets to be administered. |
| 7  | 6.  | It appears that the basis alleged in the *Ex Parte* Motion is that there is relief to be accorded to the Debtors – adjudicating whether the lien was discharged and whether the automatic stay was violated. |
| 11 | 7.  | The Debtors offer no authority for the proposition that the discharge in bankruptcy results in the discharge of the lien on the 1900 H Street Property. It is well establish law under the Bankruptcy Code that a discharge of a debt operates as a statutory injunction precluding the creditor from attempting to enforce the obligation against the creditor personally, but does not act as a novation or exoneration of the debt. The creditor may enforce its rights against pre-petition collateral to the extent that the lien has not been avoided. *In re Holloway*, 81 F.3d 1062 (11th Cir. 1996); *In re Thompson*, 182 B.R. 140 (Bkcy E.D. VA 1995), affirmed 92 F.3d 1182; *In re Wagner*, 87 B.R. 612 (Bkcy C.D. CA 1988). |
| 23 | 8.  | The Debtors have not raised a colorable issue of law that the discharge injunction has been violated by a foreclosure sale conducted after relief from the automatic stay was granted and the case was closed. |
| 27 | 9.  | The Debtors have not raised a colorable issue of law that a                      |

4

|   |   |
|---|---|
| 1 | Notice of Sale recorded after the automatic stay was |
| 2 | terminated and the case was closed constitutes a violation of |
| 3 | the automatic stay. |
| 4 | 10. The Debtors have not alleged or provided any evidence to |
| 5 | indicate that any action was taken by the creditor under color |
| 6 | of the Notice of Sale recorded on April 23, 2009, two days |
| 7 | after the Chapter 7 case was filed. The files in this case |
| 8 | reflect that the Notice of Bankruptcy was filed in this case |
| 9 | on April 23, 2009, and the Certificate of Mailing this Notice |
| 10 | states that the Notice was served by first class mail on |
| 11 | April 25, 2009. |
| 12 | 11. The other issue raised by the Debtors concerning the post- |
| 13 | closing non-judicial foreclosure sale is that the Notice of |
| 14 | Sale was not properly posted as required under the California |
| 15 | Civil Code. |
| 16 | 12. The Debtors not having provided any evidence in support of the |
| 17 | Motion to Reopen the Case, and for each of these other |
| 18 | independent grounds of the Debtors having failed to assert |
| 19 | any legal basis for their contention that the discharge in |
| 20 | bankruptcy discharged the lien, the Debtors failing to assert |
| 21 | any legal basis for alleging that the automatic stay or |
| 22 | discharge injunction has been violated, and the gravamen of |
| 23 | their dispute with the creditor being whether the California |
| 24 | Civil Code was complied with for the posting of a Notice of |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 |   |

Sale, this court determines in the exercise of its discretion under 11 U.S.C. §350, to not reopen the Chapter 7 case.

Dated: March 1, 2010

RONALD H. SARGIS
United States Bankruptcy Court